STATE OF NORTH CAROLINA
DURHAM COUNTY
SUPERIOR COURT DIVISION

FILED
2022 FEB 14 P 3:56
DURHAM CO., C.S.C.
BY _____

| | |
|---|---|
| LESLIE WISEMAN,<br><br>Plaintiff,<br><br>v.<br><br>BOB EVANS RESTAURANTS, LLC,<br><br>Defendant. | COMPLAINT<br><br>File No. 22CVS1585 |

Plaintiff Leslie Wiseman ("Wiseman" or "Plaintiff"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, hereby files this Complaint for Damages against Defendant Bob Evans Restaurants, LLC ("Bob Evans" or "Defendant"), stating as follows:

## I. JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Count I of this Complaint, which arises out of the Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-241.

2. This Court has subject matter jurisdiction over Counts II-III of this Complaint, which arise out of North Carolina common law.

3. This Court has jurisdiction over the parties of this action because a majority of the acts described herein were committed within Durham County, NC.

4. This Court is the proper division because the amount prayed for is in excess of $25,000.

5. Venue is proper in this Court pursuant to N.C.G.S. § 1-77.

6. Plaintiff exhausted all administrative remedies with respect to her REDA claim.

## II. PARTIES

7. Plaintiff is a citizen of the United States and a resident of North Carolina.

8. Defendant is a business registered to conduct business in the State of North Carolina.

9. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, CT Corporation System, located at 160 Mine Lake Ct, Ste 200, Raleigh, NC 27615.

### III. STATEMENT OF FACTS

10. Plaintiff worked for Defendant from 1987 until her termination in June 2020.

11. From September 2019 until June 2020, Plaintiff worked as the General Manager of a Bob Evans restaurant in Durham, NC.

12. During the course of her employment, Plaintiff received several awards and certificates from Defendant recognizing her work performance in multiple positions.

13. On or around June 1, 2020, a Bob Evans restaurant in Raleigh, NC, temporarily closed after several employees tested positive for COVID-19.

14. Defendant ordered the restaurant in Raleigh to transport food to Plaintiff's restaurant in Durham.

15. Upon information and belief, individuals who tested positive for COVID-19 had been in contact with food that Defendant wanted to transport.

16. Plaintiff informed her supervisor, Nick Costner, that she objected to the food transfer on the grounds that it potentially exposed her and other employees to COVID-19.

17. At all times relevant to this matter, Costner worked as an Area Director of Operations for Defendant.

18. Plaintiff also told Costner that she planned to call the CDC, local news, and the local health department if he made her accept the potentially contaminated food at the Durham restaurant.

19. On or around June 2, 2020, Plaintiff contacted the Durham County Health Department to ask questions about the safety issue.

20. On or around June 16, 2020, Plaintiff informed Bob Speirs, Regional Vice President, that she contacted the health department regarding Costner's request to transfer potentially contaminated food.

21. On or around June 17, 2020, Plaintiff was suspended from work.

22. On or around June 22, 2020, Defendant terminated Plaintiff.

## IV. CLAIM FOR RELIEF

### COUNT I

### REDA

23. Plaintiff incorporates paragraphs 1-22 as if fully stated herein.

24. Plaintiff engaged in conduct protected by REDA when she initiated an inquiry and provided information regarding a workplace safety issue.

25. Defendant terminated Plaintiff, which constitutes the adverse action.

26. The temporal proximity between Plaintiff's protected activity and termination support a finding of causation.

### COUNT II

### WRONGFUL DISCHARGE IN VIOLATION OF NORTH CAROLINA PUBLIC POLICY (REDA)

27. Plaintiff incorporates paragraphs 1-22 as if fully stated herein.

28. Plaintiff engaged in conduct consistent with the public policies expressed N.C. Gen. Stat. § 95-241(a)(1) (REDA) when she initiated an inquiry and provided information regarding a workplace safety issue.

29. Defendant terminated Plaintiff, which constitutes the adverse action.

30. Defendant terminated Plaintiff because of her protected conduct, which contravened the public policies stated in REDA.

## COUNT III

## WRONGFUL DISCHARGE IN VIOLATION OF NORTH CAROLINA PUBLIC POLICY (OSHA NC)

31. Plaintiff incorporates paragraphs 1-22 as if fully stated herein.

32. Plaintiff engaged in conduct consistent with the public policies expressed in N.C. Gen. Stat. § 95-126(b)(1), § 95-129(1) (OSHA NC) when she initiated an inquiry and provided information regarding a workplace safety issue.

33. Defendant terminated Plaintiff, which constitutes the adverse action.

34. Defendant terminated Plaintiff because of her protected conduct, which contravened the public policies stated in OSHA NC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with North Carolina law, to exceed $25,000; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 14th day of February, 2022.

                              THE KIRBY G. SMITH LAW FIRM, LLC

                              */s/ Alex Kelly*
                              Alexander C. Kelly
                              North Carolina Bar No. 49308
                              THE KIRBY G. SMITH LAW FIRM, LLC
                              111 N. Chestnut St.
                              Suite 200
                              Winston-Salem, NC 27101
                              T: (704) 729-4287
                              F: (877) 352-6253
                              ack@kirbygsmith.com

                              *Attorney for Plaintiff*